THE HONORABLE KYMBERLY EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE LONDO,

                Plaintiff,

    v.

FARMERS PROPERTY AND CASUALTY
INSURANCE COMPANY,

                Defendant.

No.:  2:23-cv-00797-KKE

**STIPULATED PROTECTIVE ORDER**

**STIPULATION**

Defendant Farmers Property and Casualty Insurance Company ("Farmers") and Plaintiff Julie Londo (collectively "Parties") hereby agree to the following Stipulated Protective Order:

1.    PURPOSES AND LIMITATIONS

Defendant asserts that Discovery in this action is likely to involve production of commercially sensitive, trade secret or other confidential, competitive or proprietary business information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

1    confidential treatment under the applicable legal principles, and it does not presumptively entitle

2    parties to file confidential information under seal.

3    2.    "CONFIDENTIAL" MATERIAL

4        "Confidential" material shall include the following things (whether in tangible or

5    electronic form) produced or otherwise exchanged:

6        (a) Any and all claims handling manuals/guidelines, or other materials providing

7            instruction, guidance, or direction to Farmers' claims personnel regarding the

8            adjustment, investigation, analysis, and/or handling of first party property insurance

9            claims;

10       (b) Any and all underwriting materials regarding plaintiff's first party property

11           insurance coverage through Farmers;

12       (c) Any and all documents, materials and/or testimony containing commercially

13           sensitive information, trade secrets or other confidential, competitive or proprietary

14           business information of Farmers.

15   3.    SCOPE

16       The protections conferred by this agreement cover not only Confidential material

17   (as defined above), but also (1) any information copied or extracted from Confidential material;

18   (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any

19   testimony, conversations, or presentations by parties or their counsel that might reveal

20   Confidential material.

21       However, the protections conferred by this agreement do not cover information that is in

22   the public domain or becomes part of the public domain through trial or otherwise or information

23   that has been produced or otherwise shared in discovery until entry of this Order.

24   4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

25       4.1    Basic Principles. A receiving party may use Confidential material that is

26   disclosed or produced by another party or by a non-party in connection with this case only for

STIPULATED PROTECTIVE ORDER - 2
(CASE NO. 2:23-cv-00797-RSM)

1  prosecuting, defending, or attempting to settle this litigation. Confidential material may be

2  disclosed only to the categories of persons and under the conditions described in this agreement.

3  Confidential material must be stored and maintained by a receiving party at a location and in a

4  secure manner that ensures that access is limited to the persons authorized under this agreement.

5      4.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

6  ordered by the court or permitted in writing by the designating party, a receiving party may

7  disclose any Confidential material only to:

8          (a)      the receiving party's counsel of record in this action, as well as employees

9  or contractors of counsel to whom it is reasonably necessary to disclose the information for this

10  litigation;

11          (b)      the officers, directors, contractors, and employees (including in house

12  counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation,

13  unless the parties agree that a particular document or material produced is for Attorney's Eyes

14  Only and is so designated;

15          (c)      experts and consultants to whom disclosure is reasonably necessary for

16  this litigation;

17          (d)      the court, court personnel, and court reporters and their staff;

18          (e)      copy or imaging services retained by counsel to assist in the duplication

19  of Confidential material, provided that counsel for the party retaining the copy or imaging

20  service instructs the service not to disclose any Confidential material to third parties and to

21  immediately return all originals and copies of any Confidential material;

22          (f)      during their depositions, witnesses in the action to whom disclosure is

23  reasonably necessary, unless otherwise agreed by the designating party or ordered by the court.

24  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential

25  material must be separately bound by the court reporter and may not be disclosed to anyone

26  except as permitted under this agreement;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3      Filing Confidential Material. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  LCR 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of LCR 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). Documents which are not reduced to documentary or tangible form, or which cannot conveniently be designated in the manner set forth herein, shall be so designated by a "[C]" at the beginning of the file name, and listed in a written statement from the Producing Party given prior to or at the time of production, stating that the evidence is "CONFIDENTIAL." In the event that a Party inadvertently fails to so designate a document or other form of evidence as Confidential Material prior to or at the time of production, the Producing Party may subsequently provide such a designation in writing as soon as the Producing Party becomes aware of the error.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

1   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

2   transcript, or exhibits thereto, as Confidential.  If a party or non-party desires to protect

3   Confidential information at trial, the issue should be addressed during the pre-trial conference.

4           (c)       Other tangible items: the producing party must affix in a prominent place

5   on the exterior of the container or containers in which the information or item is stored the word

6   "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection,

7   the producing party, to the extent practicable, shall identify the protected portion(s).

8           5.3       Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

9   designate qualified information or items does not, standing alone, waive the designating party's

10  right to secure protection under this agreement for such material. Upon timely correction of a

11  designation, the receiving party must make reasonable efforts to ensure that the material is

12  treated in accordance with the provisions of this agreement.

13  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

14          6.1       Timing of Challenges. Any party or non-party may challenge a designation of

15  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

16  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

17  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

18  challenge a confidentiality designation by electing not to mount a challenge promptly after the

19  original designation is disclosed.

20          6.2       Meet and Confer. The parties must make every attempt to resolve any dispute

21  regarding confidential designations without court involvement. Any motion regarding

22  confidential designations or for a protective order must include a certification, in the motion or

23  in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

24  conference with other affected parties in an effort to resolve the dispute without court action.

25  The certification must list the date, manner, and participants to the conference. A good faith

26  effort to confer requires a face-to-face meeting or a telephone conference.

1         6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

2    intervention, the designating party may file and serve a motion to retain confidentiality under

3    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

4    persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

5    made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

6    other parties) may expose the challenging party to sanctions. All parties shall continue to

7    maintain the material in question as confidential until the court rules on the challenge.

8    7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

9    LITIGATION

10        If a party is served with a subpoena or a court order issued in other litigation that compels

11   disclosure of any information or items designated in this action as "CONFIDENTIAL,"

12   that party must:

13        (a)    promptly notify the designating party in writing and include a copy of the

14   subpoena or court order;

15        (b)    promptly notify in writing the party who caused the subpoena or order to

16   issue in the other litigation that some or all of the material covered by the subpoena or order is

17   subject to this agreement. Such notification shall include a copy of this agreement; and

18        (c)    cooperate with respect to all reasonable procedures sought to be pursued

19   by the designating party whose Confidential material may be affected.

20   8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21        If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential

22   material to any person or in any circumstance not authorized under this agreement, the receiving

23   party must immediately (a) notify in writing the designating party of the unauthorized

24   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

25   and (c) inform the person or persons to whom unauthorized disclosures were made of all the

26   terms of this agreement.

9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties   agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 16th day of September, 2024.

NICOLL BLACK & FEIG PLLC


/s/ Matt C. Erickson
Matthew C. Erickson, WSBA #43790
Curt H. Feig WSBA #19890
*Attorneys for Defendant*

BORIS DAVIDOVSKIY, P.C.
*Per 09/13/24 E-Mail Authorization*


/s/Boris Davidovskiy
Boris Davidovskiy, WSBA #50593
*Attorney for Plaintiff*

STIPULATED PROTECTIVE ORDER - 8
(CASE NO. 2:23-cv-00797-RSM)

1

**ORDER**

2      The parties' stipulated motion for a protective order (Dkt. No. 16) is GRANTED.

3      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

4 any documents in this proceeding shall not, for the purposes of this proceeding or any other

5 federal or state proceeding, constitute a waiver by the producing party of any privilege applicable

6 to those documents, including the attorney-client privilege, attorney work-product protection, or

7 any other privilege or protection recognized by law.

8

9      DATED:      September 17, 2024

10

11

12                              Kymberly K. Evanson

13                              United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26